# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHEREE A. MOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-0536-CV-W-FJG |
| CHILHOWEE R-IV SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 11). The plaintiff filed a response entitled "Findings of Fact" (Doc. No. 19), and defendant has filed reply suggestions (Doc. No. 20).

**I. Background**

Plaintiff's complaint alleges violations of Title VII due to defendant's alleged "racial discrimination, sexual harassment, retaliation and disability, wrongful termination, wrongful disciplinary action," because of plaintiff's color, disability, and sex. See Doc. No. 8, ¶¶4, 5. Plaintiff attaches as an exhibit her charge of discrimination dated February 11, 2011. Doc. No. 8, Ex. 1, p. 3. Defendant indicates that plaintiff's complaint should be dismissed, as plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful conduct, and failed to timely file a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") within 180 days of the alleged unlawful conduct.

**II. Standard**

Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Upon consideration of defendant's motion, the Court finds that defendant's arguments ought to be analyzed under Fed. R. Civ. P. 12(b)(6).

On a motion brought under Rule 12(b)(6), the Court must consider whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. Analysis

#### A. Title VII Claims

"The timely filing of an EEOC charge is a requirement for bringing a Title VII or ADEA suit in federal court." Hutson v. Wells Dairy, Inc., 578 F.3d 823, 826 (8th Cir. 2009) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Under 42 U.S.C. § 2000e-5(e)(1), in a state such as Missouri which also has a law prohibiting discrimination, a plaintiff has 300 days from the date of the alleged unlawful practice to file her charge of discrimination with the EEOC. The deadline is treated like a statute of limitations, and is not a jurisdictional prerequisite to suit. Zipes, 455 U.S. at 393. "If a plaintiff fails to file a timely charge, the lawsuit is barred unless he or she can demonstrate that the limitations period is subject to equitable modification such as waiver, estoppel, or tolling." Dring v. McDonnell Doughlas Corp., 58 F.3d 1323, 1327 (8th Cir. 1995).

Here, plaintiff alleged in her complaint that the date of the alleged discrimination, sexual harassment, retaliation, wrongful termination and wrongful disciplinary action was April 13, 2010. Doc. No. 8, ¶ 4. Plaintiff's charge of discrimination was filed with the EEOC on February 11, 2011, which by the Court's calculation is 304 days after the alleged unlawful conduct.[1] In plaintiff's response to the motion to dismiss, plaintiff does not

---

[1] In the charge of discrimination, plaintiff indicates the latest date the discrimination took place was March 10, 2010, a date even further outside the 300-day

specifically address the issue of whether she timely filed the charge of discrimination; instead, she details all the behavior by the school district that she believes was discriminatory. Upon review of this material, the Court has determined the last possible date of the alleged wrongful conduct by defendant is April 16, 2010, the date when plaintiff states she received a certified letter stating that her employment with defendant had been terminated. See Doc. No. 19, p. 7 and Exhibit N thereto.[2] Even if the Court assumed that April 16, 2010 was the last date of alleged unlawful conduct, the charge of discrimination was filed 301 days after that date. Plaintiff has not attempted to demonstrate any reason for equitable modification of the deadline. As February 11, 2011, is beyond the deadline for filing a charge of discrimination, plaintiff's Title VII claims must be **DISMISSED.**

### B. MHRA Claims

Although plaintiff did not specifically make any claims under the Missouri Human Rights Act in her complaint (which was filed using a pro se fill-out form), defendant notes that she has attached a right-to-sue letter provided by the Missouri Commission on Human Rights to her complaint. Defendant indicates that to the extent the Court broadly construes plaintiff's complaint to include a claim under the MHRA, that claim must also be dismissed. Under the MHRA, the employee is required to file a verified complaint with the MCHR within 180 days of the alleged discriminatory act. RSMo § 213.075. Plaintiff alleges she suffered discriminatory conduct that ended, at the latest, on April 16, 2010, and filed her charge of discrimination with the MCHR on February 11, 2011. Plaintiff's charge of discrimination was filed well beyond the deadline provided by Missouri statute, and therefore any claims under the MHRA must be **DISMISSED.**

---

limit.

[2]Although plaintiff details specific activities after April 16, 2010, those actions could not constitute unlawful discrimination. Plaintiff alleges at Doc. No. 19, ¶ 27, that she received a notice of claim filed for unemployment benefits on April 21, 2010. She also indicates there was a request to return items to the school district on April 22, 2010. Doc. No. 19, ¶ 28.

## IV. Conclusion

Therefore, for the foregoing reasons, defendant's motion to dismiss (Doc. No. 11) is **GRANTED**, and all claims in plaintiff's complaint are **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to Plaintiff at the following address: Sheree A. Moody, 306 Grover Apt. C, Warrensburg, MO 64093.

**IT IS SO ORDERED.**

Date: November 1, 2011　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge