**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

SHEREE A. MOODY, )
)
        Plaintiff, )
)
v. ) No. 11-0536-CV-W-FJG
)
CHILHOWEE R-IV SCHOOL DISTRICT, )
)
        Defendant. )

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Reconsider the Appointment of Counsel (Doc. No. 23); and (2) Plaintiff's Motion to Reconsider Judgement (Doc. No. 24).

### I. Background

Plaintiff's complaint alleges violations of Title VII due to defendant's alleged "racial discrimination, sexual harassment, retaliation and disability, wrongful termination, wrongful disciplinary action," because of plaintiff's color, disability, and sex. See Doc. No. 8, ¶¶4, 5. Plaintiff attaches as an exhibit her charge of discrimination dated February 11, 2011. Doc. No. 8, Ex. 1, p. 3. On August 18, 2011, defendant filed a motion to dismiss, indicating that plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful conduct, and failed to timely file a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") within 180 days of the alleged unlawful conduct.

On November 1, 2011, the Court granted defendant's motion to dismiss, noting that (1) plaintiff's charge of discrimination was filed with the EEOC on February 11, 2011, which is at least 301 days after the last date of alleged unlawful conduct (April 16, 2010); (2) plaintiff did not demonstrate equitable tolling should apply to her claims; (3) plaintiff's Title VII claims should be dismissed as the charge of discrimination was not filed within 300 days of the unlawful conduct; and (4) plaintiff's MHRA claims should be dismissed, as plaintiff

did not file a verified complaint with the MCHR until February 11, 2011, which was well beyond the 180 day deadline provided by Missouri statute.

On November 23, 2011, plaintiff filed both a motion to reconsider appointment of counsel (Doc. No. 23) and a motion to reconsider judgment (Doc. No. 24). In her motion to reconsider judgment, plaintiff presents documentation indicating that she first submitted her complaint to the United States Department of Education, Office for Civil Rights ("OCR") on April 29, 2010, and that the OCR forwarded the complaint to the EEOC on May 14, 2010. See Doc. No. 24, Ex. 1. Letters from the OCR indicate "The EEOC will consider the date of filing to be the date the complaint was filed with OCR unless an earlier complaint was filed with the EEOC." Id., pp. 4, 8. Plaintiff then asserts that she had little success communicating with the EEOC after May 2010, and found out after telephoning them in February 2011 that the EEOC had been mailing documents to her using an incorrect address. See Doc. No. 24, Ex. 1., pp. 16-21. When the EEOC finally mailed the charge of discrimination to the correct address on February 7, 2011, plaintiff signed the document on February 11, 2011, and the charge was received by the EEOC on February 14, 2011. Thus plaintiff asks the Court to reconsider its judgment that she had failed to timely file her charge of discrimination.

**II.     Motion to Reconsider Judgment (Doc. No. 24)**

　　A.     Standard

The Court construes plaintiff's motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) motions may only be used to reconsider a final order on certain enumerated grounds such as "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." De Wit v. Firstar Corp.,

904 F.Supp. 1476, 1496 (N.D.Iowa 1995) (quoting United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas, 51 F.3d 117, 119 (8th Cir.1995)). A district court has wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has cautioned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 373 (8th Cir.1994).

    B.    Analysis

In her motion to reconsider judgment (Doc. No. 24), plaintiff presents facts of which the Court was not aware at the time of entry of judgment. See § I, Background, supra. In particular, in opposing defendant's prior motion to dismiss, plaintiff did not inform the Court that she had filed a complaint with the OCR less than a month after the alleged unlawful conduct. Plaintiff further did not inform the Court that once the complaint had been received by the EEOC, the EEOC failed to mail the charge of discrimination to plaintiff's correct address until February 2011 (approximately 9 months after the OCR forwarded the complaint to the EEOC for investigation). These are facts that would have dramatically changed the outcome of the Court's ruling on defendant's motion to dismiss. Had the Court been presented with this information prior to its ruling, the Court would have determined that equitable tolling should apply to plaintiff's claims under both Title VII and the MHRA.

In its response to plaintiff's motion for reconsideration (Doc. No. 26), defendant indicates that the Court should reject plaintiff's motion for two reasons. First, defendant argues that the information submitted by plaintiff in her motion for reconsideration could have been submitted to the Court earlier, and therefore it is not newly-discovered evidence that would entitle plaintiff to equitable relief. Although the Court agrees with defendant that this does not qualify as "newly–discovered evidence," plaintiff argues in her response that this evidence could be considered "any other reason that justifies relief." Given that plaintiff is proceeding pro se and may not have recognized the importance of the evidence she

3

provided to the Court until the Court dismissed her lawsuit, the Court believes that plaintiff has sufficiently stated an "other reason" justifying relief. Furthermore, given that the Court's previous ruling was based on a demonstrably inaccurate factual record, the Court finds that exceptional circumstances justifying Rule 60(b) relief have been established.

Second, defendant argues that plaintiff "does not dispute (nor address) the fact that she did not file her Complaint within ninety (90) days of receiving the notice of right to sue from the Equal Employment Opportunity Commission (EEOC)." This argument was raised in defendant's motion to dismiss (Doc. No. 11); however, the Court elected to not analyze the merits of this ground for dismissal in its Order granting the motion to dismiss, as it was unnecessary to do so at the time. Defendant noted in its motion to dismiss that plaintiff received her "Dismissal and Notice of Rights" from the EEOC on February 24, 2011, and plaintiff filed her complaint on June 13, 2011, 106 days after receiving the Dismissal and Notice of Rights from the EEOC. Therefore, defendant argues that plaintiff still has not demonstrated a meritorious claim.

Defendant's argument, however, fails to take into account that plaintiff had filed a motion for leave to proceed in forma pauperis in the current action. Long-standing case law provides that the filing of a motion for leave to proceed in forma pauperis serves to toll the limitations period for filing a Title VII case (or, for that matter, any case). See Huston v. General Motors Corp., 477 F.2d 1003 (8th Cir. 1973); Abdul-Waali v. Restart, Inc., Case No. 10-00567-CV-W-JTM, 2011 WL 281045 (W.D. Mo. Jan. 26, 2011); Weller v. Cass County Prosecutor's Office, Case No. 05-0042-CV-W-FJG, 2005 WL 2090788 (W.D. Mo. Aug. 30, 2005); Green v. Nationscredit Financial Services Corp., Case No. 03-0639-CV-W-FJG, 2005 WL 1005992 (W.D. Mo. March 31, 2005). In the present matter, plaintiff filed her motion for leave to proceed in forma pauperis on May 25, 2011, which is 90 days after receipt of the Dismissal and Notice of Rights from the EEOC. Defendant's argument that plaintiff's action was not timely filed, therefore, is meritless.

Accordingly, plaintiff's motion to reconsider judgment (Doc. No. 24) is **GRANTED.**

4

Given the information presented by plaintiff, the Court has reconsidered its ruling on defendant's motion to dismiss, and finds that its order dismissing this case with prejudice (Doc. No. 21) and the judgment (Doc. No. 22) should be **VACATED.** The Clerk of the Court is directed to re-open this case.

### III. Motion to Reconsider the Appointment of Counsel (Doc. No. 23)

Plaintiff asks the Court to reconsider her previous request for counsel, which was denied on June 13, 2011. See Order, Doc. No. 7. Plaintiff indicates that since the time the Court denied counsel, she has contacted many attorneys, none of whom have taken her case. See Doc. No. 23, Ex. 1 (chart listing approximately 12 attorneys). Plaintiff also indicates that she is not capable of investigating the facts and presenting her claim to the Court, as she indicates that she failed in submitting her findings of facts to the Court such that the Court previously dismissed her case.

Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the district court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The inquiry regarding plaintiffs' need for counsel focuses on the following, non-exclusive factors: (1) the factual and legal complexity of the case; (2) plaintiff's ability to investigate the facts and present the claim; and (3) the existence of conflicting testimony. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

Although plaintiff has made a reasonably diligent effort to obtain counsel (see Bradshaw v. Zoological Society, 662 F.2d 1301, 1319 (9th Cir. 1981)), the Court does not find that plaintiff has met the need-based factors in the present matter. Based on the information before it, the Court is unable to determine whether this case has the potential to become factually or legally complex (and, the Court notes that plaintiff has successfully presented her motion for reconsideration of the judgment of dismissal, Doc. No. 24, analyzed above). Nothing in the record shows that plaintiff lacks the ability to investigate the facts or otherwise present her claim. Furthermore, a determination as to the existence

5

of conflicting testimony would be premature at this early stage in the proceedings, where defendant has not yet answered plaintiff's complaint. Accordingly, plaintiff's motion will be **DENIED WITHOUT PREJUDICE** to its reassertion at a later date if circumstances change.

## IV. Conclusion

For the foregoing reasons:

(1) Plaintiff's Motion to Reconsider the Appointment of Counsel (Doc. No. 23) is **DENIED WITHOUT PREJUDICE** to its reassertion;

(2) Plaintiff's Motion to Reconsider Judgment (Doc. No. 24) is **GRANTED**;

(3) the Court's order dismissing this case with prejudice (Doc. No. 21) and the judgment (Doc. No. 22) are **VACATED**, and the Clerk of the Court is directed to re-open this case; and

(4) the parties are directed to file a proposed discovery plan and scheduling order pursuant to Local Rule 16.1(d) on or before **February 17, 2011**. The proposed discovery plan and scheduling order shall be presented in accordance with the directives in the Court's previous Order, Doc. No. 13. Given plaintiff's pro se status, defendant shall take the lead in preparing the proposed scheduling order for execution and filing with the Court.

It is further **ORDERED** that the Clerk of the Court send a copy of (1) this order and (2) the Court's previous order regarding discovery plan and scheduling order (Doc. No. 13), via regular and certified mail to Plaintiff at the following address: Sheree A. Moody, 306 Grover Apt. C, Warrensburg, MO 64093.

**IT IS SO ORDERED.**

Date: January 10, 2012  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge